**WYATT TECHNOLOGY CORPORATION, Plaintiff–counter–defendant—Appellant,**

v.

**Tim SMITHSON, an individual; Ken Cunningham, an individual; Dynapro International Limited, a foreign corporation; Viscotek Corporation, a Texas corporation; Max Haney, an individual; Defendants–counterclaimants—Appellees.**

**No. 06–56470.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 8, 2008.

Filed Aug. 27, 2009.

by 9th Cir. R. 36–3.

Paul C. Workman, Esquire, Holland & Knight LLP, Los Angeles, CA, for Plaintiff–counter–defendant–Appellant.

C. Vernon Lawson, Esquire, The Matthews Firm, Houston, TX, Jeffry A. Miller, Esquire, Deborah F. Sirias, Esquire, Lewis Brisbois Bisgaard & Smith, Los Angeles, CA, Carlo Van Den Bosch, Sheppard Mullin Richter & Hampton LLP, Costa Mesa, CA, for Defendants–counterclaimants–Appellees.

Before: B. FLETCHER, KLEINFELD, and RAWLINSON, Circuit Judges.

MEMORANDUM *

This is a business torts case arising from Proterion Corporation's bankruptcy. We

* This disposition is not appropriate for publication and is not precedent except as provided

reverse the grant of summary judgment on two of Wyatt's trademark claims and its conversion claim and remand for further proceedings. We affirm summary judgment on Wyatt's remaining claims. We also affirm the grant of summary judgment on Appellees' (collectively 'Smithson') counterclaims, but remand the damages calculation. Finally, because we remand for further proceedings, we vacate the award of attorneys' fees as premature.

## A. Wyatt's Trademark Claims

■ The analysis of federal and California trademark claims is "substantially congruent." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994). Wyatt's trademark claims concerning domain names could have been brought under either the Lanham Act or the Anticybersquatting Protection Act. *See Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 674 (9th Cir.2005). Wyatt brought suit only under the former, so it must show a use of the mark in connection with the sale of goods. 15 U.S.C. § 1125(a)(1). Linking to commercial business qualifies. *See Bosley Med. Inst.*, 403 F.3d at 677–78. The district court's contrary ruling constitutes legal error. The district court also erred in finding there was no material factual dispute as to the ownership of the domain names in light of Proterion's reimbursement to Smithson for their purchase. On remand, the district court should determine the ownership of the domain names and, applying the correct legal standard, should consider whether Viscotek's former use of them created a likelihood of confusion. *E.g., GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1205 (9th Cir.2000). The likelihood of confusion test requires examination of eight factors. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir.1979).

by 9th Cir. R. 36–3.

■ The district court also erred in finding that Smithson's use of Wyatt's purported trademarks in Viscotek's sales literature and brochures constitute nominative fair use without determining whether Smithson engaged in any conduct which "would, in conjunction with" its use of "the mark, suggest sponsorship or endorsement by the trademark holder." *See Brother Records, Inc. v. Jardine*, 318 F.3d 900, 908 (9th Cir.2003). On remand, the district court should apply the full required analysis. *Id.*

Finally, the district court did not err in dismissing Wyatt's Lanham Act § 43(a) claim. Wyatt failed to point to any evidence in its opposition to summary judgment indicating the website statement at issue's falsity or tendency to deceive. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir.1997).

## B. Wyatt's Conversion Claim

Wyatt did not waive its conversion claim. The claim that the Defendants converted Wyatt's computers to their own use was consistently made by Wyatt. In fact, in their Statement of Uncontroverted Fact Number 97, Defendants admitted "providing" two computers and other equipment to Wyatt. Defendants acknowledged that Wyatt's claim of conversion encompassed the computers and other equipment. Implicit in the admission of "producing" the computers to Wyatt is the notion that the computers were removed from Wyatt's possession. A district court is not free to ignore a material question of fact that is apparent in the record. *See, e.g., Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir.2003) (reversing entry of summary judgment where evidence cited in movants'

papers demonstrated genuine issue of material fact).

### C. Wyatt's Remaining claims

██ Wyatt waived its trade secrets claim by citing to two sets of exhibits, one totaling 57 pages in length and the other 141 pages in length, to provide factual support for its claims, without providing explanation or specific line or page references. A party opposing summary judgment must cite to evidence with specific page and line references. "The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. San Fran. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

Wyatt's opposition to the motion for summary judgment on its third and ninth claims was conclusory. As the district court correctly noted, "Wyatt presents no evidence of an economic relationship between Wyatt and a third party ... [and] has not alleged a relationship between itself and each separate Defendant that would justify an accounting."

### D. Smithson's Counterclaims

We affirm summary judgment on the computer fraud claims. The three statutes prohibit obtaining information via the intentional and unauthorized access of a computer or electronic communications facility. 18 U.S.C. § 1030(a); 18 U.S.C. § 2701(a); Cal.Penal Code § 502. When Wyatt increased the frequency with which it accessed Smithson's email server, it exceeded the scope of whatever authority it may have had. *Theofel v. Farey–Jones*, 359 F.3d 1066, 1073 (9th Cir.2004).

██ We vacate the damage award. The district court did not award Smithson any compensatory damages, but awarded $100,000 in punitive damages. Under *State Farm* and *Gore*, punitive damages are generally limited to an amount that is a function of the amount of compensatory damages. *See Bains LLC v. Arco Prods., Co.*, 405 F.3d 764, 776–77 (9th Cir.2005). The Electronic Communications Privacy Act requires compensatory damages, stating that "in no case shall a person entitled to recover receive less than the sum of $1,000." 18 U.S.C. 2707(c). But none were awarded. We vacate the damage award and remand for a determination of compensatory damages and such punitive damages as may be appropriate. Substantial evidence supports the district court's conclusion that Wyatt acted willfully. Wyatt's repeated and intentional violations of criminal statutes are "reprehensible." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419–20, 429, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

Wyatt asserts that the entry of summary judgment on the sixth counterclaim was legally erroneous. It supports its argument with two theories not presented to the district court. "We apply a 'general rule' against entertaining arguments on appeal that were not presented or developed before the district court." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir.1998).

### E. Attorneys' Fees

Because we have vacated the grant of summary judgment on the trademark claims and the punitive damages, the award of attorneys' fees is premature. We vacate the award. *U.S. ex rel. Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199, 1202 (9th Cir.2002).

**AFFIRMED in part, REVERSED in part, and REMANDED.**